UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SCOTT CAWTHON,

                Plaintiff,

    - against -

YONGCHUNKAERQIMAOYIYOUXIANGONGSI, ET AL.,

                Defendants.

25-cv-3209 (JGK)

ORDER

---

JOHN G. KOELTL, District Judge:

    This Court issued an Order, ECF 19, on July 23, 2025, identifying July 16, 2025 as the deadline for the defendants to answer or respond to the plaintiff's complaint and extending that deadline to August 6, 2025.

    The plaintiff, however, had not yet properly effected service on the defendants, who reside in China. Federal Rule of Civil Procedure 4(f)(1) permits service outside the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." Subject to certain restrictions, Rule 4(f)(2) permits alternative service "if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice." Finally, Rule 4(f)(3) provides that service on a foreign litigant can be effected "by other means not prohibited by international agreement, as the court orders." As a general matter, "[t]he only limitations on

Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement." Advanced Aerofoil Techs., AG v. Todaro, No. 11-cv-9505, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) (quoting Ehrenfeld v. Salim a Bin Mahfouz, No. 04-cv-9641, 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005)).

Where, as here, the defendants in an action are believed to be located in China, "Rule 4(f) requires that the defendants be served pursuant to the Hague Convention, which has been interpreted to prohibit service by email ... on litigants located in China." Kyjen Co. v. Individuals, Corps., LLCs, P'ships, & Unincorporated Ass'ns Identified on Schedule A to the Complaint, No. 23-cv-612, 2023 WL 2330429, at *1 (S.D.N.Y. Mar. 2, 2023). But "the Hague Convention does not apply — and, consequently, service by email ... is not prohibited on defendants located in China — where 'the address of the person to be served is not known to the party serving process.'" Id. at *2 (quoting Cengage Learning, Inc. v. Xuhong Wang, No. 17-cv-4914, 2017 WL 11570668, at *2 (S.D.N.Y. Sept. 14, 2017)) (emphasis in original); see also Prediction Co. v. Rajgarhia, No. 09-cv-7459, 2010 WL 1050307, at *2 (S.D.N.Y. Mar. 22, 2010) ("[I]t is worth observing the inapplicability of the Hague Convention ... because [the defendant's] address is not known to [the plaintiff].").

2

A person's address is not known if "the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen, No. 14-cv-1112, 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018). "[P]laintiffs have been found to have exercised reasonable diligence to discover a physical address ... where the plaintiff researched defendant's websites associated with defendant's domain names, completed multiple Internet-based search[es], called known phone numbers, and conducted in-person visits[;] where the plaintiff performed extensive investigation and issued subpoenas to the relevant domain registrars and email providers[;] and where a plaintiff has attempted to obtain the defendant's address in a variety of ways." Kyjen, 2023 WL 2330429, at *2 (quoting Smart Study Co., Ltd. v. Acuteye-Us, No. 21-cv-5860, 620 F. Supp. 3d 1382, 1391 (S.D.N.Y. 2022)) (alterations in original). The plaintiff stated in his July 30, 2025 Certificate of Service that he "has been unable to effectuate service via mail on defendants despite multiple attempts to verify their purported mailing address through the UPS shipping system" and has "engaged an investigative firm based in China to verify the addresses and effectuate service on defendants." ECF 22 ¶ 4.

Because the plaintiff has not yet effected proper service on the defendants, the Court vacates its July 23, 2025 Order,

3

ECF 19. If the plaintiff is unable to locate the defendants' physical addresses, the Court further instructs the plaintiff to file a letter-motion (1) demonstrating that he has acted with reasonable diligence in attempting to do so and (2) requesting permission to serve the defendants electronically.

**SO ORDERED.**

Dated:    **New York, New York**
             **September 2, 2025**

_____
John G. Koeltl
United States District Judge

4