```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
─────────────────────────────────

SCOTT CAWTHON,

                    Plaintiff,

     - against –                  25-cv-3209 (JGK)

YONGCHUNKAERQIMAOYIYOUXIANGONGSI, ET AL.,        ORDER

                    Defendants.

─────────────────────────────────

**JOHN G. KOELTL, District Judge:**

On September 24, 2025, the plaintiff filed an affidavit representing that he had served process on the defendants, who reside in China, by mail. ECF No. 24. But for the following reasons, service by mail on residents of China is ineffective.[1]

Federal Rule of Civil Procedure 4(f), which governs service outside the United States, has three subsections. Rule 4(f)(1) permits service outside the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." Subject to certain restrictions, Rule 4(f)(2) permits alternative service "if there is no internationally agreed means, or if

---

[1] The plaintiff also previously attempted to serve process on the defendants by email. But as the Court explained in its September 3, 2025 Order, service by email on defendants located in China is impermissible under the Hague Service Convention. ECF No. 23 at 2; see also Moonbug Ent. Ltd. v. ABDG Store, No. 22-cv-2386, 2025 WL 1796242, at *3 (S.D.N.Y. June 30, 2025) ("It is now well-established in this district that 'service by email on defendants located in China is not permitted by the Hague Convention.'").

an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice." Finally, Rule 4(f)(3) provides that service on a foreign litigant can be effected "by other means not prohibited by international agreement, as the court orders."

"Paragraph 1 'gives effect to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.'" Smart Study Co., Ltd. V. Acuteye-Us, 620 F. Supp. 3d 1382, 1390 (S.D.N.Y. 2022) (quoting 4B Charles A. Wright, Arthur R. Miller & Adam N. Steinman, Federal Practice and Procedure § 1133 (4th ed. Apr. 2020 update)). "Paragraph 2 'provides options to the party serving process when internationally agreed process methods are not intended to be exclusive or when no international agreement is applicable, as would be true, for example, when service is to be made in a nation that is not a signatory to the Hague Convention.'" Id. "And paragraph 3 'authorizes the district court to approve other methods of service not prohibited by international agreements.'" Id.

The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 (the "Hague Service Convention"), 20 U.S.T. 361, T.I.A.S. No. 6638 — to which both the United States and China are parties — permits service by multiple methods. "First, an applicant can send a request for service to a receiving country's central authority ...." Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech.

2

Co., 480 F. Supp. 3d 977, 980 (N.D. Cal. 2020). The Hague Service Convention "requires each state to establish a central authority to receive requests for service of documents from other countries." Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 698 (1988). "When a central authority receives an appropriate request, it must serve the documents or arrange for their service" under Article 5, "and then provide a certificate of service" under Article 6. Water Splash, Inc. v. Menon, 581 U.S. 271, 275 (2017).

Second, under Articles 8 through 10, "the Convention permits alternative methods of service unless the receiving country objects." Smart Study, 620 F. Supp. 3d at 1392. "These methods include service by diplomatic and consular agents, service through consular channels, service on judicial officers in the receiving country, and direct service 'by postal channels.'" Id.; see also 20 U.S.T. at 363. "China has specifically objected to ... service 'by postal channels'" under Article 10(a). Safavieh Int'l, LLC v. Chengdu Junsen Fengrui Tech. Co.-Tao Shen, No. 23-cv-3960, 2023 WL 3977505, at *3 (S.D.N.Y. June 13, 2023); see also Hague Conference on Private International Law, China – Central Authority & Practical Information, https://www.hcch.net/en/states/en/states/authorities/details3/?aid=243 (last visited Oct. 7, 2025).

With this background in mind, it is clear that Rule 4(f) does not permit service by mail on residents of China.

3

Rule 4(f)(1) does not apply because service by mail is not "authorized by the Hague Convention" — it is one of the optional alternative methods authorized under Article 10, to which China has expressly objected.

Rule 4(f)(2) does not apply because both the United States and China are signatories to the Hague Service Convention. Moreover, Rule 4(f)(2)(C) prohibits service by mail on Chinese residents in any event because Chinese law prohibits foreign parties from serving defendants in China. See Article 294 (formerly Article 288) of the People's Republic of China Civil Procedure Law (providing that, with exceptions for circumstances that do not apply here, "no foreign agency or individual shall carry out service of documents ... in the People's Republic of China without the consent by the relevant administrative authorities").

And Rule 4(f)(3) does not apply because (1) the Court has not authorized alternative service and, (2) as explained, service by mail on Chinese residents is prohibited by the Hague Service Convention given that China has objected to the alternative methods of service outlined in Article 10. See also Water Splash, 581 U.S. at 284 ("[I]n cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under

otherwise-applicable law."). Accordingly, the plaintiff has not yet properly served the defendants.

**SO ORDERED.**

**Dated:**   **New York, New York**
       **October 14, 2025**

_____
John G. Koeltl
**United States District Judge**

5